IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARK BARKER**                                                                                      **PLAINTIFF**
**ADC #139988**

V.                              NO. 4:25-cv-00414-KGB-ERE

**JOI HARRIS and**
**MARTIN**[1]                                                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Barker's claims has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Baker may adopt this Recommendation without independently reviewing the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**II.     Background**

*Pro se* plaintiff Mark Barker, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 1*. Mr. Barker did not use the

---

[1] **The Clerk is instructed to terminate the Doe Defendants.**

court-approved form to file his complaint.[2] Rather, he provided several grievance papers, explaining that he believes that the grievance decision is not "just and fair." *Doc. 1 at 1*. In those grievance papers, Mr. Barker complains that Captain Martin and Major Harris: (1) allowed another inmate to steal his tablet; and (2) violated various ADC policies and procedures by failing to investigate the inmate's conduct. However, Mr. Barker's complaint failed to: (1) identify any individual Defendants by name; (2) state in what capacity he sues any individual Defendant; or (3) describe the relief he seeks.

On May 22, 2025, I entered an Order explaining to Mr. Barker the problems with his original complaint but giving him an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 4*.

Mr. Barker has now filed an amended complaint. *Doc. 9*. Mr. Barker's amended complaint alleges that Major Joi Harris and Captain Martin: (1) discriminated against him by allowing another inmate to steal his tablet; and (2) violated various ADC policies and procedures by failing to investigate the inmate's

---

[2] See Local Rule 9.1 ("All actions under 42 U.S.C. §1983 . . . filed in this district by incarcerated persons shall be submitted on the court-approved forms supplied by the Court unless a district judge or magistrate judge, upon finding that the complaint is understandable and that it conforms with local rules and the Federal Rules of Civil Procedure, in his or her discretion, accepts for filing a complaint that is not submitted on the approved form.").

conduct. He sues Defendants Harris and Martin in both their official and individual capacities seeking monetary damages.

For the reasons explained below, I recommend that Mr. Barker's claims be dismissed, without prejudice, for failure to state a plausible constitutional claim for relief.

### III. Discussion

#### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

### B. Official Capacity Claims

The doctrine of sovereign immunity prevents a plaintiff from recovering monetary damages against state actors named in their official capacities. *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (a suit against a state employee in his or her official capacity "is the functional equivalent of a suit against the State"); *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997) (damages claims against state officials acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes"). Under well-established law, Mr. Barker's official capacity claims for money damages are not plausible and should be dismissed.

### C. Personal Property

Mr. Barker alleges that Defendants discriminated against him by allowing another prisoner to take his tablet.[3] However, a prisoner cannot bring a § 1983 due

---

[3] To the extent that Mr. Barker asserts a discrimination claim, this claim also fails. To state a claim of discrimination, a prisoner must allege (1) he was treated differently from similarly situated inmates; and (2) the different treatment was the result of intentional and purposeful discrimination. See *In re Kemp*, 849 F.3d 900, 909 (8th Cir. 2018) *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008). An isolated incident of unequal treatment is insufficient to show that an individual was "systematically and intentionally treated differently." See e.g., *Weiler v. Purkett*, 137 F.3d at 1051 ("A few individual examples of unequal treatment are insufficient to provide more than minimal support to an inference of classwide purposeful discrimination."). See also *Thrash v. White,* No. 5:09-CV-00095, 2010 WL 6749181, at *3 (E.D. Ark. Dec. 23, 2010), report and recommendation adopted, No. 5:09-CV-00095, 2011 WL 2110372 (E.D. Ark. May 27, 2011) ("An isolated example of unequal treatment is insufficient to establish that the difference in treatment was motivated by Plaintiffs' membership in a protected class, or that it burdened a fundamental right.").

process claim for the intentional or negligent loss of his personal property, as long as the state provides a post-deprivation remedy to address the property loss. See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Arkansas provides such a post-deprivation remedy by allowing Mr. Barker to file a claim for the value of his lost property with the Arkansas Claims Commission. See *McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260-61 (8th Cir. 2006); *Williams v. Campbell*, 25 F. App'x 477, 479 (8th Cir. 2001). As a result, this claim is not plausible.

### C. Violation of ADC Policy

Mr. Barker also alleges that Defendants violated ADC policy and procedure by failing to investigate the matter involving his stolen tablet. However, the law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional violation. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). These factual allegations also fail to state a plausible constitutional claim.

### IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Barker's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.  The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

3.  In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

4.  The Clerk be instructed to close this case.

Dated 10 July 2025.

_____
UNITED STATES MAGISTRATE JUDGE